IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-10065-01-WEB |
| ) | |
| KEVIN I. STARKS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Memorandum and Order**

This matter came before the court on the defendant's objections to the Presentence Report and for sentencing. The court ruled orally on these matters at the sentencing hearing of January 5, 2009. This written memorandum will supplement the court's oral rulings.

I. *Objections*.

1. Defendant's first objection concerned the absence of one additional point for acceptance of responsibility pursuant to USSG 3E1.1(b). At the sentencing hearing, counsel for the Government moved for the additional one-level reduction. Accordingly, the defendant's objection is granted. With this additional one point reduction, the court finds that the offense level is 29, and the Criminal History Category is VI, resulting in an advisory guideline range of 151-188 months.

2. Defendant's second objection concerns the prior offenses listed in ¶ 31 and ¶ 32 of the PSR, and the related finding that the defendant qualifies as a Career Offender under USSG 4B1.1. Defendant appears to concede that under a November 1, 2007 amendment to USSG 4A1.2, the robbery offenses in ¶¶ 31 & 32 are "technically" counted as separate offenses,

regardless of whether or not there was an intervening arrest (i.e., whether or not the defendant was arrested for the first offense prior to committing the second offense). Defendant notes that prior to the 2007 amendment, if there was not an intervening arrest, the guideline allowed sentences in "related cases" to be considered as only one sentence. He contends the two robbery offenses would have been considered related under the previous version of the guideline. He points out that he committed both offenses within a one-month period when he was 16 years old, although he was not prosecuted and convicted on the second offense (¶ 32) until nearly three years later.[1] Defendant argues the circumstances are highly unusual, such that a career offender sentence is inappropriate because it significantly over-states his criminal history. Defendant argues that the offenses were committed at a young age, within a short time of each other, and that he was only peripherally involved in the offenses. He argues that a departure or variance is appropriate in his case.

Under the version of USSG 4A1.2 that applies in this case, even assuming there was no intervening arrest, prior sentences are counted separately if they were not charged in the same instrument and were not imposed on the same day.[2] *See* USSG 4A1.2(a)(2). The offenses in ¶¶ 31 & 32 clearly count as separate offenses under this provision. Defendant does not dispute that the offenses in ¶¶ 31 & 32 otherwise qualify as felony crimes of violence, and the court concludes that the PSR properly applied both 4A1.1 and 4B1.1 in calculating the offense level

---

[1] Defendant was prosecuted as an adult and was sentenced to terms of imprisonment exceeding one year and one month in both of these cases.

[2] Because defendant's prior offenses clearly do not qualify as a single sentence under the latter portion of this test, the court need not determine whether there was an "intervening arrest" within the meaning of the guideline.

and the advisory guideline range.

In general, a departure may be granted if there are mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to achieve the objectives of § 3553(a)(2), should result in a sentence different than that described.  USSG 5K2.0(a)(1).  Moreover, under § 4A1.3, a downward departure may be granted if a defendant's criminal history category substantially over-represents the seriousness of his criminal history or the likelihood that he will commit other crimes.  As for whether a variance is appropriate, that determination depends on a balancing of the factors in 18 U.S.C. § 3553(a).  That section requires the court to impose a sentence sufficient, but not greater than necessary, to comply with the following purposes:  the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  In doing so, the court must consider the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the purposes of sentencing set forth above; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the offense under the applicable sentencing guidelines; (5) policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

After considering the foregoing standards, the court rejects defendant's argument for a departure or variance from the guidelines. Although it is unusual that both of defendant's qualifying prior felonies were committed when he was only 16 years old, the court cannot find that a departure or variance is warranted. The guidelines specifically contemplate the treatment of offenses committed prior to age eighteen *See* USSG 4A1.2(d); 4B1.3, comment., n. 1 ("A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted...."). The focus of the career offender provision is on repeat offenders who pose a special danger to the public. As paragraph 32 of the PSR indicates, these two robbery offenses were not isolated events, but were part of a string of robberies in which the defendant participated. Moreover, the defendant's history indicates a high likelihood of recidivism. The defendant was paroled from his first robbery conviction in May of 2002, but his parole was revoked just two months later. PSR ¶ 31. He was released from his second robbery conviction in January of 2007, but committed the instant offense in December of 2007, while still on supervision. When he was detained by a Trooper in this case, the defendant attempted to flee. PSR ¶ 9. The court concludes that a Criminal History Category of VI accurately reflects the defendant's history and the likelihood of future crimes. Additionally, the defendant has a long history of substance abuse, *see* PSR ¶¶ 30, 33, 50-55, and the instant offense involved possession with intent to distribute controlled substances. The court concludes that a significant period of incarceration is necessary for the protection of the public from further crimes of the defendant, to provide just punishment and deterrence, and to avoid unwarranted disparities among defendants with similar records convicted of similar offenses. After considering all of the circumstances,

the court concludes that a sentence at the low end of the advisory guideline range – 151 months – is sufficient but not greater than necessary to comply with the purposes of § 3553.

II.  *Conclusion*.

The defendant's objections to the Presentence Report are GRANTED IN PART and DENIED IN PART as set forth above. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.  IT IS SO ORDERED this   6th   Day of January, 2009, at Wichita, Ks.

>                       s/Wesley E. Brown
>                       Wesley E. Brown
>                       U.S. Senior District Judge