**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**
                                                Case Nos. 08-10065-01-JTM (Criminal)
**KEVIN I. STARKS,**                                   16-1161-JTM (Civil)

        **Defendant.**

**MEMORANDUM AND ORDER**

This case is before the court on defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Dkt. 21) and the government's motion to dismiss (Dkt. 29). Defendant claims that the sentence enhancement based on his career offender status under U.S.S.G. § 4B1.2, is unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the reasons set forth below, this court dismisses defendant's motion and grants the government's motion.

The United States Supreme Court in *Beckles v. United States*, 137 S. Ct. 886, 890 (2017), held that the residual clause under U.S.S.G. § 4B1.2(a)(2)—"defining a 'crime of violence' as an offense that 'involves conduct that presents a serious potential risk of physical injury to another[]'"—was not unconstitutional. *Beckles*, 137 S. Ct. at 890 (holding that the advisory sentencing guidelines are not subject to vagueness challenges under the due process clause). *Beckles* abrogated the Tenth Circuit's decision in *United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015). *Beckles*, 137 S. Ct. at 886. Consequently, the court finds that no new rule or constitutional law provides defendant an avenue for relief.

A certificate of appealability is not warranted in this case because reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues

-1-

presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).

**IT IS THEREFORE ORDERED** that defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Dkt. 21) is dismissed.

**IT IS FURTHER ORDERED** that government's motion to dismiss (Dkt. 29) is granted.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability in this case.

Dated this 24th day of May, 2017, at Wichita, Kansas.

s/ J. Thomas Marten  
United States District Court